```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

J.W. HARDY II,
A/K/A J.W. HARDY, JR.,
                                        DECISION AND ORDER
              Petitioner,               No. 08-CV-6011T

     -vs-

J. CONWAY, SUPERINTENDENT,
ATTICA CORRECTIONAL FACILITY

              Respondent.

_____
```

## I. Introduction

*Pro se* Petitioner J.W. Hardy, II, a/k/a J.W. Hardy, Jr., ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered February 28, 2005, in New York State, County Court, Orleans County, convicting him, upon a plea of guilty, of Criminal Possession of a Controlled Substance in the Fifth Degree (N.Y. Penal Law ("Penal Law") § 220.06[1]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

On May 20, 2004, on Main Street in the Village of Albion, Petitioner possessed and sold less than five hundred grams of cocaine to a confidential police informant. Orleans County police officers videotaped the transaction and later arrested Petitioner. Plea Transcript [P.T.] 6-8.

On July 19, 2004, an Orleans County Grand Jury returned Indictment No. 04-39, charging Petitioner with one count each of Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Third Degree. See Indictment No. 04-39, Resp't Ex. A.

On December 6, 2004, Petitioner appeared with counsel before County Court Judge James P. Punch, and, under a negotiated plea agreement, entered a guilty plea to one count of Criminal Possession of a Controlled Substance in the Fifth Degree, in full satisfaction of the indictment. P.T. 6-7.

On February 14, 2005, Petitioner escaped from custody while he was being held at the Orleans County Courthouse pending sentence. See Sentencing Minutes [S.M.] 6-7. He was apprehended and returned to custody shortly thereafter.[1]

On February 28, 2005, Petitioner was sentenced as a second felony offender to an indeterminate term of from three to six years imprisonment. S.M. 6-7.

Petitioner appealed his judgment of conviction, which was unanimously affirmed by the Appellate Division, Fourth Department on September 29, 2006. People v. Hardy, 32 A.D.3d 1317 (4th Dept. 2006); lv. denied, 7 N.Y.3d 925 (2006).

---

[1] In a separate proceeding, Petitioner was indicted and charged with one count of Escape in the Second Degree (Penal Law § 205.10(2)). Following a jury trial in December 2005, he was convicted of the escape charge. The Appellate Division, Fourth Department, affirmed the conviction, and the New York Court of Appeals denied leave to appeal. People v. Hardy, 32 A.D.3d 1317 (4th Dept. 2006); lv. denied, 7 N.Y.3d 925 (2006).

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) that his waiver of the right to appeal was not knowing, voluntary or intelligent; and (2) defects in the indictment and grand jury proceedings. Petition [Pet.] ¶12A-D. Petitioner's claims are exhausted and properly before this Court. See 28 U.S.C. § 2254(b)(1)(A).

### III. General Principles Applicable to Habeas Review

#### A. The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the

law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The

presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

### B. Exhaustion Requirement

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

## IV. Petitioner's Claims

### 1. Waiver of Right to Appeal

In ground one of his habeas corpus petition, Petitioner argues that his waiver of the right to appeal was not knowing, voluntary, or intelligent because: (1) the trial court did not sufficiently

explain the rights Petitioner was surrendering by pleading guilty; and (2) the plea bargain was conditioned upon Petitioner being admitted to a drug treatment program, which did not happen. Pet. ¶12A. Petitioner raised this claim on direct appeal, and it was rejected on the merits.[2]

It is well-settled that the right to appeal is not a constitutional right, but rather "purely a creature of statute." Abney v. United States, 431 U.S. 651, 656 (1977); accord Jones v. Barnes, 463 U.S. 745, 751 (1983).[3] Moreover, it is well-settled that waivers of the right to appeal set forth in plea agreements are generally constitutional. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) ("We have long enforced waivers of direct appeal rights in plea agreements . . . ."). An appeal waiver, however, must be knowing, voluntary and intelligent. Steele v. Filion, 377 F.Supp.2d 332, 334-35 (W.D.N.Y. 2005) (citing United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001) ("It

---

[2] The Appellate Division, Fourth Department, found as follows: "[d]efendant contends that his waiver of the right to appeal is invalid because he agreed to waive his right to appeal only if he was sentenced to the [drug treatment program], and he was not so sentenced. We reject that contention. The record establishes that County Court stated at the time of the plea that it would sentence defendant to the [drug program] if it appeared at sentencing that such a sentence was appropriate, and defendant waived his right to appeal. The record further establishes that the court was advised at sentencing that defendant was ineligible for that program. We thus conclude that defendant's waiver of the right to appeal was knowingly and intelligently entered." Hardy, 32 A.D.3d at 1317.

[3] New York sets forth the right to appeal in New York Criminal Procedure Law ("CPL") § 450.10(1).

is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable.").

Here, it is clear from the record that Petitioner knowingly and voluntarily waived his right to appeal as part of a negotiated plea agreement. Moreover, the trial court amply explained the rights Petitioner surrendered by entering the plea agreement, and the agreement was not conditioned upon Petitioner's entry into a drug treatment program.

The trial court verified several times that Petitioner understood he was waiving his right to appeal as part of the plea agreement. Plea Transcript [P.T.] 2-5. The trial court judge explained that, as part of the plea agreement, Petitioner would waive his appellate rights. The judge stated the following: "an appellate court can review what I do to see if I followed the law and see if the sentence is fair and reasonable. It's my understanding that you are going to give that right up and accept what I say on this case as the final word provided I stay, as I said, within the plea bargain." Id. at 4-5. Petitioner answered in the affirmative when the judge asked him whether he understood. Id. at 5. And, immediately thereafter, Petitioner stated that he had no questions for his lawyer about the plea agreement. Id. In light of Petitioner's explicit acknowledgment at the plea hearing that he understood the terms of the plea agreement and wished to waive his right to appeal, the Court cannot find that said waiver

was entered unknowingly, involuntarily, or unintelligently. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (per curiam) ("Solemn declarations in open court carry a strong presumption of verity.").

Furthermore, it is also clear from the record that Petitioner was never guaranteed entry into a drug treatment program as part of his plea agreement. The Court, therefore, rejects Petitioner's assertion that his failure to be admitted to such a program in some way invalidated his appeal waiver.

At the plea hearing, the trial court judge explained, in more than one instance, that while he intended to sentence Petitioner to the drug treatment program, Petitioner's admission to said program was not guaranteed as part of the plea agreement. P.T. 2-3. The judge stated, on the record, "[n]ow as far as [the drug treatment program] goes, that's up in the air and that's not part of this agreement. Do you understand that, Mr. Hardy?" Id. at 3. Petitioner responded in the affirmative. Id. The record further reflects that, prior to sentencing, Petitioner briefly escaped from custody and, as a result, faced escape charges on the date he was sentenced for this case. Because he faced pending escape charges, Petitioner became ineligible for the prosecution's recommendation to the drug treatment program and for actual admission to the drug treatment program itself. Id. at 3-4. Contrary to Petitioner's contention, his eligibility and ultimate entry into the drug

treatment program was in no way connected with or part of the plea agreement.

Accordingly, the Court finds that the state court's determination of this issue was neither contrary to nor an unreasonable application of settled Supreme court law, and the claim is dismissed.

**2. Petitioner's Remaining Claims Related to the Indictment and the Grand Jury Proceedings have been Waived by his Guilty Plea**

Petitioner's remaining claims -- related to alleged defects in the indictment and grand jury proceedings -- have been waived by his plea of guilty.[4] Tollett v. Henderson, 411 U.S. 258, 267 (1973) (finding that a defendant's properly counseled and entered plea of guilty admits all of the elements of a formal criminal charge and waives a multitude of federal constitutional rights); accord United States v. Coffin, 76 F.3d 494, 497 (2d Cir. 1996) ("A defendant who pleads guilty unconditionally while represented by counsel may not assert independent claims relating to events occurring prior to the entry of the guilty plea."); see also United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam) ("It is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings."); Whitehead v. Senkowski, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea

---

[4] Notably, Petitioner does not challenge the validity of the guilty plea itself.

precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea."). Here, Petitioner's challenges to the indictment are barred by his knowing, voluntary, and intelligent plea of guilty.

In any event, Petitioner's claims related to the indictment and the grand jury proceedings are not cognizable on federal habeas review. There is no federal constitutional right to a grand jury in a state criminal prosecution. See Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990) (Fifth Amendment right to indictment by a grand jury is not incorporated by the Due Process Clause of the Fourteenth Amendment and does not apply to the states). As a result, claims based on alleged defects in the grand jury proceedings are not reviewable in a petition for habeas corpus relief. See Lopez v. Riley, 865 F.2d 30, 32-33 (2d Cir. 1989) (grand jury errors not open to attack after conviction); Davis v. Nassau, 524 F.Supp.2d 182, 192 (E.D.N.Y. Nov. 29, 2007) ("alleged defects in a grand jury proceeding cannot provide grounds for habeas relief"); Crispino v. Allard, 378 F.Supp.2d 393, 414 (S.D.N.Y. July 25, 2005) (after a defendant enters a knowing, voluntary and intelligent guilty plea, "any and all non-jurisdictional defects raised in the indictment are waived" and also provide no basis for relief because they fail to raise a federal law issue).

Accordingly, habeas relief is not available to Petitioner, and the claims are dismissed.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: June 14, 2010
Rochester, New York